Filed 10/10/13  Peter C. v. Super. Ct. CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

|  |  |
|---|---|
| PETER C.,<br><br>      Petitioner,<br><br>  v.<br><br>THE SUPERIOR COURT OF KERN COUNTY,<br><br>      Respondent;<br><br>KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>      Real Party in Interest. | F067966<br><br>(Super. Ct. No. JD128937-00)<br><br>**O P I N I O N** |

-ooOoo-

**THE COURT**\*

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Louie L. Vega, Judge.

Peter C., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

\*     Before Kane, Acting P.J., Poochigian, J., and Detjen, J.

Peter C. (father) in propria persona seeks an extraordinary writ (Cal. Rules of Court, rule 8.452) from a juvenile court's order terminating reunification services and setting a Welfare and Institutions Code section 366.26 hearing as to his two-year-old son, Camron.[1]  Father makes no claim of error, however, in his petition.[2]  At most, he requests, without explanation, that we direct the juvenile court to vacate its order, continue reunification services and place the child with a paternal relative.  Due to the inadequacy of father's petition, we will dismiss it.

## DISCUSSION

The purpose of writ proceedings such as this is to facilitate review of a juvenile court's order setting a section 366.26 hearing to select and implement a permanent plan for a dependent child.  (Cal. Rules of Court, rule 8.450(a).)  A court's decision is presumed correct.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  It is up to a petitioner to raise specific issues and substantively address them.  (§ 366.26, subd. (*l*).)  This court will not independently review the record for possible error.  (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)  As noted above, father does not raise any issues in his petition.

Out of an abundance of caution, we have reviewed the record surrounding the order setting the section 366.26 hearing in relation to father's requests for relief.  That record, however, consists of undisputed evidence that father had not participated in any court-ordered reunification services and there was no substantial probability that the child could be returned to father within the next six months.  Father had recently been convicted of voluntary manslaughter, following a no contest plea, and was sentenced to

---

[1]     All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2]     He also failed to properly serve each attorney of record.  (Cal. Rules of Court, rule 8.452(c).)

serve a seven-year prison term. Furthermore, the child was placed with a maternal relative and there was no issue raised at the hearing regarding that placement. Consequently, there was no legal reason for the juvenile court to place the child with a different relative or refrain from terminating services and setting the section 366.26 hearing. (See §§ 361.3 & 366.21, subd. (e).)

## DISPOSITION

The petition for extraordinary writ is dismissed. This opinion is immediately final as to this court.